IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEON IVOR BARRETT,                    :
                                      :
          Petitioner                  :
                                      :
     v.                               :    CIVIL NO. 3:CV-12-973
                                      :
ERIC HOLDER, ET AL.,                  :    (Judge Conaboy)      FILED
                                      :                         SCRANTON
          Respondents                 :
                                                               MAY 2 5 2012

                                                               PER_____
**MEMORADNDUM**                                                DEPUTY CLERK
**Background**

     On March 26, 2012, Ivor Barrett ("Petitioner"), filed the

above captioned pro se petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 in the United States District

Court for the Eastern District of Pennsylvania.[1]   The required

filing fee has been paid.   Barrett's action regards his

detention by the Bureau of Immigration and Customs Enforcement

(ICE) while confined at the York County Correctional Facility,

York, Pennsylvania.

     By Order dated April 20, 2012, Petitioner's action was

transferred by the Eastern District to this Court.   See Doc. 3.

Barrett's case was electronically transferred to this Court on

May 23, 2012.   See Doc. 4.

     Named as Respondents are Attorney General Eric Holder,

Secretary Janet Napolitano of the Department of Homeland

---

     [1] Since Barrett's Petition is dated March 26, 2012, it will be
presumed filed as of that date.   See   Houston v. Lack, 487 U.S. 266
(1988)(a prisoner's action is deemed filed at the time it is given
to prison officials for mailing to the Court.

1

Security, Field Office Director Thomas Decker of ICE, and
Warden Mary Sabol of the York County Correctional Facility.[2]

## Discussion

Upon the receipt of Petitioner's action, the Clerk of
Court's office attempted to verify Petitioner's address via the
Department of Homeland Security's Online Detainee Locator
System.   The Locator System indicated that Petitioner was no
longer in custody.  Based upon that information, the Clerk of
Court's Office contacted the York County Prison and was given
verification that Barrett had been released from detention.

The case or controversy requirement of Article III, § 2 of
the United States Constitution subsists through all stages of
federal judicial proceedings.  Parties must continue to have a
"'personal stake in the outcome' of the lawsuit."  Lewis v.
Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v.
Newkirk, 422 U.S. 395, 401 (1975).  In other words, throughout
the course of the action, the aggrieved party must suffer or be
threatened with actual injury caused by the defendant.  Lewis,
494 U.S. at 477.

The adjudicatory power of a federal court depends upon
"the continuing existence of a live and acute controversy."
Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in
original).  "The rule in federal cases is that an actual

_____

[2]  Warden Sabol will be deemed the sole Respondent since the
only properly named respondent in a federal habeas corpus action is
Petitioner's custodial official.  See  28 U.S.C. § 2242.

controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

    As previously discussed, both the Department of Homeland security and the York County Prison has provided the Court with information showing that Petitioner has been released from ICE custody.

    Since Barrett has been released from ICE custody, under the principles set forth in Steffel, his challenge to detention pending completion of his removal proceedings is subject to dismissal as moot since it no longer presents an existing case or controversy.[3]  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED; MAY 2ⁿᵈ, 2012

---

[3]  If petitioner notifies the Court that he is still in ICE detention this matter will be reopened.